IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAROD ALLEN POE., #254283,    )
    )
   Plaintiff,    )
    )
   v.    )   CIVIL ACTION NO. 2:20-CV-1017-WHA
    )          (WO)
    )
MARY COOK, et al.,    )
    )
   Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jarod Allen Poe, a state inmate incarcerated at the Fountain Correctional Facility ("Fountain").  In this complaint, Poe alleges the lack of security at Fountain resulted in his attack by another inmate or inmates on November 19, 2020.  Do. 1 at 1.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

---

[1] Upon initiation of this civil action, Poe filed an application for leave to proceed *in forma pauperis*.  Doc. 2.  Under the circumstances of this case, the court finds that a ruling on the *in forma pauperis* application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.

located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the assault about which Poe complains occurred at a prison located in the Southern District of Alabama.  Moreover, the complaint indicates that the wardens listed as defendants, Cook and Smiley, and all individuals personally responsible for the lack of security about which Poe complains reside in the Southern District of Alabama.  Although by virtue of his position as Commissioner of the Alabama Department of Corrections defendant Jefferson Dunn resides in the Middle District of Alabama, he is nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state.  Finally, it is clear that the witnesses to the conditions present at Fountain and the attack against Poe reside in the Southern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

On or before **December 28, 2020**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal

---

[2]In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794

(11th Cir. 1989).

Done this 14th day of December, 2020.


/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE